JAMES O. LYNDE & another *vs.* INHABITANTS OF MELROSE.

If a tax title proves invalid, the purchaser at the collector's sale cannot maintain an action against the town to recover back the money paid by him as the consideration of the purchase, and the expenses of defending his title.

HOAR, J.   This action is certainly of novel impression.   One of the plaintiffs purchased a tax title at a sale by the collector of taxes in the defendant town, and sold it to the other.   The owner of the land having brought a writ of entry against them and recovered possession of the land, on the ground that the tax was illegally assessed, they now join in a suit against the town to recover the amount paid to the collector, and all the costs and expenses of the real action.

No precedent for maintaining such a suit is found; and the plaintiffs' counsel rests his argument solely upon the ground that the defendants have received the amount of the tax without consideration.   If this be true, it is not easy to see how the plaintiffs get a joint right of action; nor how the defendants could be responsible for more than the sum of $1.39, the amount of the tax which would go to the town treasury.   But there is a plain distinction between the right of a person to recover from the town the amount of a tax unlawfully assessed upon him, and the claim of the purchaser, under a collector's deed, whose title proves defective.   The town is not a party to the deed. The purchaser is a mere volunteer in the payment of the tax. He has the same means of knowing whether it is legally assessed that the town has.   He buys a title without warranty, except such covenants as he takes from the collector; and he must rely only upon them.   Beyond those covenants, his deed is in the nature of a mere quitclaim, for which he has paid what he thought the chance was worth.   His speculation may prove very profitable, or wholly unproductive; but no one has taken his property without his consent, or with any contract, express or implied, to reimburse him if his bargain proves a losing one. Where there is no fraud or imposition, the sale of land without

warranty creates no obligation to return the purchase money in any event.

> *Judgment for the defendants on the demurrer affirmed.*
>
> *N. B. Bryant*, for the defendants, was not called upon.
>
> *A. V. Lynde*, for the plaintiffs.